IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 64,318-01






EX PARTE DESMUND LAMAR COLEMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


 CAUSE NO. 241-1421-04 IN THE 241st JUDICIAL DISTRICT COURT

SMITH COUNTY




 Per Curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of capital murder, and punishment was assessed at confinement for
life. No direct appeal was taken.

 Applicant contends that he received ineffective assistance of counsel at trial. The
Applicant also contends that his plea was involuntary, and he was denied his meaningful
right to a direct appeal.

 The trial court has entered an order designating issues requesting an affidavit from
counsel to resolve these issues. However, the application was then forwarded to this Court
prior to the designated issues being resolved. Applicant has stated facts requiring resolution. 
Because this Court cannot hear evidence, it is necessary for the matter to be remanded to the
trial court for resolution. This trial court may resolve the factual issues as set out in Tex.
Code Crim. Proc. art 11.07, § 3 (d), in that it shall order an affidavit, depositions, or
interrogatories from counsel, or it may hold a hearing. In the appropriate case, the trial court
may rely on personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant received ineffective assistance of counsel at trial, whether
Applicant's plea was involuntary, and whether Applicant was deprived of his right to file an
appeal. The trial court shall also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within 60 days of the date of this order. (1) A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within 90 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 3rd day of MAY, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.